IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CORDELL SANDERS, R41346, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) )   Case No. 25-cv-1010-DWD ) |
| MICAH GRIMES, WHITE, | ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM & ORDER

**DUGAN, District Judge:**

Plaintiff Cordell Sanders, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Menard Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Lawrence Correctional Center (Lawrence). Specifically, Plaintiff alleges that the Defendants used excessive force when placing him in a segregation cell, and their conduct was retaliation for a grievance Plaintiff filed against Sanders a year earlier. The Complaint (Doc. 1) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual

allegations of the *pro se* complaint are to be liberally construed. Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

Plaintiff alleges that in June of 2023 when he was housed in the infirmary at Lawrence, Defendant Grimes confiscated a tablet charger for no reason. He grieved the issue, and when he was unsatisfied with the responses at the prison level, in April of 2024, he appealed to the Administrative Review Board (ARB). Plaintiff alleges that just 4 days after the grievance arrived at the ARB, on April 22, 2024, he was taken to solitary confinement for an unrelated issue. (Doc. 1 at 3). Upon arrival to the seg building, Defendant Grimes gave him an angry look, and Grimes and White then shackled him behind his back to escort him to his cell.

Plaintiff alleges that after he was inside of the cell, White misused the ankle shackles by attacking them to his handcuffs and using the two sets of restraints to violently yank his arms and hands thru the hatch on his cell door. (Doc. 1 at 3). In the process, his right index finger struck the hatch, and he sustained a half-inch cut that immediately bled. With his arms thru the hatch, Grimes and White began to bend and bang his arms against the door, causing bruising. With his arms still thru the door, they deployed an entire can of pepper spray onto Plaintiff's jumpsuit, without warning. He alleges White also called him a monkey during the encounter.

Plaintiff alleges that the entire interaction was an act of retaliation for the grievance against Grimes about the tablet charger. (Doc. 1 at 4). He further alleges that in an attempt to cover up the retaliation, Grimes issued a false disciplinary ticket claiming that

Plaintiff grabbed White's finger during the interaction on April 22, 2024.  Plaintiff alleges that he challenged the disciplinary ticket before the ARB, and the ARB found that he had not committed the injury with assault offense alleged in the ticket.

Plaintiff attached supporting documents.  He included a medical record from April 22, 2024, that indicated he was seen by a nurse for a .5 inch scrape on his finger and to decontaminate from "getting sprayed."  (Doc. 1 at 7).  An ARB form indicated that the disciplinary assault charge was reduced from assault with injury to plain assault.  (Doc. 1 at 8).  Plaintiff also included a few other grievance documents.  Plaintiff seeks monetary compensation and indicates a desire to proceed on First and Eighth Amendment claims.

Based on the allegations in the Complaint the Court designates the following counts:

> **Claim 1:** **Eighth Amendment excessive force claim against Defendants Grimes and White for their alleged conduct on April 22, 2024, when placing Plaintiff in his segregation cell;**
>
> **Claim 2:** **First Amendment retaliation claim against Defendants Grimes and White for utilizing excessive force in response to Plaintiff's April 18, 2024, grievance appeal to the ARB concerning his 2023 interaction with Grimes over his tablet charger.**

The parties and the Court will use these designations in all future pleadings and orders unless otherwise directed by a judicial officer of this Court**.**  Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

### DISCUSSION

An Eighth Amendment excessive force claim requires an inquiry into "whether force was applied in a good-faith effort to maintain or restore discipline, or [whether it was] applied maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). The "core judicial inquiry" for an excessive force claim not the severity of the injury, but whether the force used was 'malicious and sadistic.' *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). Here, Plaintiff contends the Defendants used force that was entirely unnecessary to place him in his cell. Specifically, he claims that once he was within the cell, Defendants Grimes and White removed his ankle shackles and then attached the chain to his handcuffs so that his arms could be pulled through the hatch of his door. He also alleges that they deployed an entire can of pepper spray while his hands were held thru the hatch, and he was inside of the cell. Although his injury is very minor, he alleges the force was used completely without justification and was done as an act of retaliation for grievance activity. These allegations are sufficient to proceed beyond initial review.

Plaintiff also alleges that Defendants Grimes and White acted in retaliation for a grievance that he appealed to the ARB about Grimes' past conduct, just days before the alleged excessive force encounter on April 22, 2024. Plaintiff claims that Grimes referenced the grievance during the incident of force, and White called him a monkey. A successful claim for First Amendment retaliation requires that a plaintiff show, "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the Defendants' decision to take the

retaliatory action." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (quoting *Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008)). An inmate may meet the *prima facie* showing by offering direct or circumstantial evidence that the defendant's actions were motivated by retaliation. *See e.g.*, *Kidwell v. Eisenhauer*, 679 F.3d 957, 965-66 (7th Cir. 2012). "Circumstantial evidence, however, is evidence from which a trier of fact may infer that retaliation occurred. 'Circumstantial evidence may include suspicious timing, ambiguous oral or written statements, or behavior towards or comments directed at other [individuals] in the protected group.'" *Id.*

Here, Plaintiff alleges that he engaged in protected speech by lodging a grievance about an interaction with Defendant Grimes, followed by an appeal to the ARB on April 18, 2024. He claims that just four days after the appeal, Grimes and White used excessive force against him and commented on the grievance. Plaintiff has circumstantial evidence both in the form of suspicious timing, and in the form of the alleged comments that actions were taken in relation to the grievance. Thus, at this juncture, his allegations against Grimes and White are sufficient to proceed.

### DISPOSITION

**IT IS HEREBY ORDERED THAT Claims 1 and 2** survive against Defendants Micah Grimes and White.

The Clerk of Court is **DIRECTED** to prepare for Defendants White and Micah Grimes: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these

forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed in forma pauperis was granted.  See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not

independently investigate his whereabouts.  This shall be done in writing and not later than 14 days after a transfer or other change of address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for failure to prosecute.  FED. R. CIV. P. 41(b).

The Clerk of Court is **DIRECTED** to enter the standard HIPAA Order in this case because it will involve the exchange of medical records.

**IT IS SO ORDERED.**

**DATED:  July 25, 2025**

/s *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge

NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear.  As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, he will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.